IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| HOPE K. WILLIAMS; ANNIE GIBBS; OLIN B. KICKLIGHTER, III; AND THE ESTATE OF OLIN B. KICKLIGHTER, JR., DECEASED, | § § § § § | Civil Action _____ |
| Plaintiffs, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| MARTIN FEENEY, INDIVIDUALLY AND d/b/a FEENEY XPRESS TRANSPORT; and BARY FRANKLIN, INDIVIDUALLY AND d/b/a RANCHERO LLC, | § § § § § | |
| Defendants. | § § | |

## COMPLAINT AT LAW

Plaintiffs Hope Kicklighter, Annie Rose Kicklighter, Olin Bradley Kicklighter, III, and the Estate of Olin Bradley Kicklighter, Jr., Deceased, allege against Defendants Martin Feeney, Individually and d/b/a Feeney Xpress Transport, Inc. and Bary Franklin, Individually and d/b/a Ranchero LLC, as follows:

### A. PARTIES

1.     Plaintiff, Hope Williams, is the natural daughter of Olin Bradley Kicklighter, Jr. and is an individual that is a resident of the State of Georgia.  Therefore, she is a citizen of Georgia for purposes of diversity jurisdiction.

2.     Plaintiff Annie Gibbs is the natural daughter of Olin Bradley Kicklighter, Jr. and is an individual that is a resident of the State of Georgia.  Therefore, she is a citizen of Georgia for purposes of diversity jurisdiction.

3.     Plaintiff Olin Bradley Kicklighter, III is the natural son of Olin Bradley Kicklighter, Jr. and is an individual that is a resident of the State of Georgia.  Therefore, he is a citizen of Georgia for purposes of diversity jurisdiction.

4.     Olin Bradley Kicklighter, Jr., deceased, was a resident of California at the time of his death.

5.     Defendant, Martin R. Feeney (hereinafter "Mr. Feeney"), is an individual who is a resident of the City of Bloomington, State of Illinois.  Therefore, he is a citizen of Illinois for the purpose of diversity jurisdiction.  Mr. Feeney was the driver of one of the trucks that struck Mr. Kicklighter.  He may be served with process by serving him at his place of work and/or residence at **2916 Ateppe Lane, Bloomington, Illinois 61704**, or such other location as he may be found.

6.     Defendant Feeney Xpress Transport, Inc. (hereinafter "Feeney Xpress") is a corporation that is incorporated under the laws of the State of Illinois and has its registered office in the City of Bloomington, State of Illinois.  Therefore, it is a citizen of Illinois for purposes of diversity jurisdiction.  Feeney Xpress may be served with process by serving its registered agent for service of process, **Martin R. Feeney, at 1507 E. Washington, Street, Suite 1, Bloomington, Illinois 61701**, or his place of residence, **2916 Ateppe Lane, Bloomington, Illinois 61704**, or such other location as he may be found.

7.     Defendant Bary Franklin (hereinafter "Mr. Franklin"), is an individual who is a resident of the State of Missouri.  Therefore, he is a citizen of Missouri for the purpose of diversity jurisdiction.  Mr. Franklin was the driver of one of the trucks that struck Mr. Kicklighter.  He may be served with process by serving him at his place of residence at **758 N. Olive, Mansfield, Missouri 65706**, or such other location as he may be found.

8.     Defendant Ranchero LLC (hereinafter "Ranchero") is a limited liability company that is organized under the laws of the State of Missouri and has its principal place of business in the State of Missouri.  Therefore, it is a citizen of Missouri for purposes of diversity jurisdiction.  Ranchero may be served with process by serving its registered agent for service of process, **Hazel Burris, at 16 Olive Road, Buffalo, Missouri 65622,** or such other location as she may be found.

## B. JURISDICTION

9.     This Court has subject matter jurisdiction over the lawsuit because the suit arises under 28 U.S.C. § 1332(a)(1). Plaintiffs and Defendants are citizens of different U.S. states, and the amount in controversy greatly exceeds $75,000.00, excluding interest and costs.  Therefore, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

10.     This Court has personal jurisdiction over Defendants Mr. Feeney and Feeney Xpress because they are residents of Illinois.  Specifically, Feeney Xpress is incorporated under the laws of Illinois and maintains its principal place of business in

Illinois; thus, the Court may properly maintain specific and general personal jurisdiction over Defendants Mr. Feeney and Feeney Xpress.

11.     Furthermore, as to the remainder of the Defendants, upon information and belief, Plaintiffs plead that these defendants have intentional contacts with the State of Illinois, both specific and general, such that maintenance of jurisdiction over these Defendants comports with due process.

## C.  VENUE

12.     Mr. Feeney is an individual living in McLean County, Illinois and therefore resides in this District.  Feeney Xpress maintains its principal place of business in McLean County, Illinois, and therefore resides in this District.  Thus, venue is proper in this District under 28 U.S.C. § 1391(b)(1).  Furthermore, venue is proper in this Division because the Peoria Division embraces McLean County, Illinois.

## D.  CONDITIONS PRECEDENT

13.     All conditions precedent, if any, have been satisfied, performed, occurred or been waived.

## E.  FACTS

14.     On or about December 8, 2011, at approximately 11:16 p.m., Olin Bradley Kicklighter, Jr. was traveling eastbound on Interstate 80 near mile marker 275 in the passing lane.  The tractor-trailer owned by Feeney Xpress and operated by Mr. Feeney overtook the vehicle operated by Mr. Kicklighter at a speed faster that Mr. Feeney had intended.  As admitted by Mr. Feeney and confirmed by the Nebraska trooper's accident reconstruction, Mr. Feeney was traveling at 55 m.p.h.  Moreover, investigation

by Nebraska law enforcement showed that Mr. Feeney was driving over the maximum worktime allowed by § 395.3(a) of the Federal Motor Carrier Safety Regulations.   A review of Mr. Feeney's logs confirmed that he falsified his logs in violation of § 395.8(e) of the Federal Motor Carrier Safety Regulations.

15.   Mr. Feeney was traveling this speed despite the fact that there was a winter storm that had passed the area leaving several inches of snow that had started melting causing the road surface to be very icy.   When Mr. Feeney realized that he had run up on Mr. Kicklighter's vehicle, he attempted to avoid the accident by steering to the left and into the median.   However, his attempts to avoid the accident were not successful, as he struck Mr. Kicklighter in the left rear corner of the trailer Mr. Kicklighter was pulling behind his Ford Expedition.   The collision caused by Mr. Feeney by striking Mr. Kicklighter's vehicle from behind, caused Mr. Kicklighter to lose control of his vehicle, which ultimately came to rest oriented north and south across the passing lane of Interstate 80.

16.   A second tractor-trailer owned by Ranchero and operated by Mr. Franklin was following the Feeney Xpress tractor-trailer.   As stated by Mr. Franklin and confirmed by the Nebraska trooper's accident reconstruction, Mr. Franklin was traveling at 50 m.p.h.

17.   Mr. Franklin was traveling this speed despite the fact that there was a winter storm that had passed the area leaving several inches of snow that had started melting causing the road surface to be very icy.   As admitted by Mr. Franklin, he was traveling approximately 200 to 300 yards behind the truck operated by Mr. Feeney

when he observed a large amount of dirt and snow enter the air from the Feeney Xpress truck as it entered the median.  Mr. Franklin then admitted that, instead of taking evasive action, he elected to entered the plume of snow and dirt, which resulted in his striking Mr. Kicklighter's vehicle.

18.    As a result of being struck by one or both of these trucks, Mr. Kicklighter suffered injuries causing his death.

19.    While operating the tractor-trailer, Mr. Feeney was in the course and scope of his employment for Feeney Xpress and was operating with the express consent of Feeney Xpress.

20.    While operating the tractor-trailer, Mr. Franklin was in the course and scope of his employment for Ranchero and was operating with the express consent of Ranchero.

## COUNT I – NEGLIGENCE SURVIVAL ACTION AS TO
## MR. FEENEY AND FEENEY XPRESS

21.    Now comes Plaintiff Hope Kicklighter Individually and as Next Best Friend of the Estate of Olin Bradley Kicklighter, Jr., deceased, by and through her attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, and complaining against Defendants Mr. Feeney and Feeney Xpress states as follows:

22.    In the operation of the tractor-trailer, Mr. Feeney was negligent in at least the following respects:

       a)  Failing to keep a proper lookout;
       b)  Failing to operate the tractor-trailer in a reasonable and prudent manner;
       c)  Failing to maintain attention while operating the tractor-trailer;

d) Operating the tractor-trailer in a reckless manner;
e) Failing to control speed;
f) Failing to yield the right of way;
g) Failing to get adequate rest;
h) Operating a tractor-trailer while fatigued;
i) Failing to take proper evasive action to avoid striking Mr. Kicklighter;
j) Operating the tractor-trailer with faulty or malfunctioning equipment;
k) Operating a vehicle in violation of §395.3(a)(a)(2) of the Federal Motor Carrier Safety Regulations; and
l) Falsifying his logbooks in violation of §395.8(e) of the Federal Motor Carrier Safety Regulations.

23.      Each of the above acts and/or omissions were breaches of a duty to act as a reasonably prudent driver under the same or similar circumstances, and each constitutes negligence and are a proximate cause of Plaintiffs damages.

24.      The tractor-trailer driver, Mr. Feeney, is alleged at material times hereto to have been an employee, agent, representative and/or servant of Feeney Xpress. Therefore, under doctrines of respondeat superior, agency, and vicarious liability, Feeney Xpress is responsible for the negligence of its driver Mr. Feeney. Alternatively, Feeney Xpress is responsible for the negligence of tractor-trailer driver Mr. Feeney pursuant to 49 C.F.R. 1057 and various other provisions of the Federal Motor Carrier Safety Act.

25.      Defendant Feeney Xpress was negligent by and through the acts and omissions of its agents, servants, and employees in at least the following respects:

a)      Failing to properly train its driver(s);
b)      Failing to establish an adequate safety program to monitor its driver(s);
c)      Failing to adequately supervise its driver(s);
d)      Failing to properly qualify its driver(s);

e)    Failing to establish adequate policies and procedures to adequately enforce policies for its driver(s); and

f)    Violating the Federal Motor Carrier Safety Act and its regulations.

26.    Defendant Feeney Xpress was further negligent in the hiring, retention, supervision of driver Mr. Feeney, who was incompetent to operate a tractor-trailer. Defendant Feeney Xpress was further negligent in the entrustment of the subject tractor-trailer. Defendant Feeney Xpress had full and actual knowledge that Feeney was incompetent to operate a tractor-trailer, or through the operation of ordinary prudence would have discovered such incompetence.

27.    As a direct and proximate result of one or more of the above and foregoing willful and wanton acts and omissions of the Defendants Mr. Feeney and Feeney Xpress, as set forth herein, Olin Bradley Kicklighter, Jr., deceased, sustained injuries of a personal, pecuniary, and permanent nature and was injured, both physically and mentally, and has suffered before his death great physical and emotional pain and discomfort, and physical and emotional impairment and disability, all of which ultimately resulted in his death. Olin Bradley Kicklighter, Jr., deceased, prior to his death, experienced pain and suffering, and disability and disfigurement. Olin Bradley Kicklighter, Jr., deceased further incurred reasonable and necessary medical, funeral and burial expenses.

28.    This action is brought pursuant to the Illinois Survival Statute, 755 ILCS 5/27-6.

WHEREFORE Plaintiff Hope Kicklighter, Individually and as Next Best Friend of the Estate of Olin Bradley Kicklighter, Jr., deceased, by and through her attorneys of

record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, prays for judgment against Defendants Mr. Feeney and Feeney Xpress, in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court and such additional amounts as the Court and Jury shall deem proper for compensatory damages, plus the costs of this lawsuit.

## COUNT II – NEGLIGENCE WRONGFUL DEATH AS TO MR. FEENEY AND FEENEY XPRESS

29.     Now comes Plaintiff Hope Kicklighter Individually and as Next Best Friend of the Estate of Olin Bradley Kicklighter, Jr., deceased by and through her attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher & Braugh, and complaining against Defendants Mr. Feeney and Feeney Xpress states as follows:

30.     Plaintiff Hope Kicklighter Individually and as Next Best Friend of the Estate of Olin Bradley Kicklighter, Jr., deceased adopts and realleges paragraphs 14-20 and incorporates them by reference fully set forth herein.

31.     That as a direct and proximate result thereof, Olin Bradley Kicklighter, Jr., deceased, sustained injuries to his person which ultimately resulted in his death on December 8, 2011.

32.     Olin Bradley Kicklighter, Jr., deceased left surviving him the following heirs at law: Hope Kicklighter, daughter, Annie Rose Kicklighter, daughter, Olin Bradley Kicklighter, III, son.

33.     That as a result of the negligent acts and/or omissions of Mr. Feeney and Feeney Xpress, the aforesaid next of kin of Olin Bradley Kicklighter, Jr.'s have all

sustained great loss of a personal and pecuniary nature, including the loss of society, companionship, love and affection.

34.     This action is brought pursuant to Chapter 740, Illinois Compiled Statutes Annotated, '180/1, et seq., commonly referred to as the "Wrongful Death Act".

WHEREFORE, Plaintiff, Hope Kicklighter Individually and as Next Best Friend of the Estate of Olin Bradley Kicklighter, Jr., deceased by and through her attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher & Braugh, prays for judgment against the Defendant, Defendants Mr. Feeney and Feeney Xpress, in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court and such additional amounts as the Court and Jury shall deem proper for compensatory damages, plus the costs of this lawsuit.

## COUNT III – NEGLIGENCE SURVIVAL ACTION AS TO MR. FRANKLIN AND RANCHERO

35.     Now comes Plaintiff Hope Kicklighter Individually and as Next Best Friend of the Estate of Olin Bradley Kicklighter, Jr., deceased by and through her attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher & Braugh, and complaining against Defendants Mr. Franklin and Ranchero states as follows:

36.     In the operation of the tractor-trailer, Defendant Mr. Franklin and Ranchero was negligent in at least the following respects:

a) Failing to keep a proper lookout;
b) Failing to operate the tractor-trailer in a reasonable and prudent manner;
c) Failing to maintain attention while operating the tractor-trailer;
d) Operating the tractor-trailer in a reckless manner;

e) Failing to control speed;
f) Failing to yield the right of way; and
   Failing to take proper evasive action to avoid striking Mr. Kicklighter.

37.    Each of the above acts and/or omissions were breaches of a duty to act as a reasonably prudent driver under the same or similar circumstances, and each constitutes negligence and are a proximate cause of Plaintiffs damages.

38.    The tractor-trailer driver, Mr. Franklin, is alleged at material times hereto to have been an employee, agent, representative and/or servant of Ranchero. Therefore, under doctrines of respondeat superior, agency, and vicarious liability, Ranchero is responsible for the negligence of its driver Mr. Franklin. Alternatively, Ranchero is responsible for the negligence of tractor-trailer driver Mr. Franklin pursuant to 49 C.F.R. 1057 and various other provisions of the Federal Motor Carrier Safety Act.

39.    As a direct and proximate result of such acts and/or omissions constituting negligence, Mr. Kicklighter sustained injuries to his person, including but not limited to extreme pain and suffering, ultimately causing his death.  Furthermore, As a direct and proximate result of such acts and/or omissions constituting negligence all other Plaintiffs have incurred mental anguish, loss of consortium in the past and will incur them in the future.

40.    Defendant Ranchero was negligent by and through the acts and omissions of its agents, servants, and employees in at least the following respects:

a)    Failing to properly train its driver(s);
b)    Failing to establish an adequate safety program to monitor its driver(s);
c)    Failing to adequately supervise its driver(s);

d)      Failing to properly qualify its driver(s);
e)      Failing to establish adequate policies and procedures to adequately enforce policies for its driver(s); and
f)      Violating the Federal Motor Carrier Safety Act and its regulations.

41.     Defendant Ranchero was further negligent in the hiring, retention, and supervision of driver Mr. Franklin, who was incompetent to operate a tractor-trailer. Defendant Ranchero was further negligent in the entrustment of the subject tractor-trailer. Defendant Ranchero had full and actual knowledge that Mr. Franklin was incompetent to operate a tractor-trailer, or through the operation of ordinary prudence would have discovered such incompetence.

42.     As a direct and proximate result of one or more of the above and foregoing willful and wanton acts and omissions of Defendants Mr. Franklin and Ranchero, as set forth herein, Olin Bradley Kicklighter, Jr., deceased, sustained injuries of a personal, pecuniary, and permanent nature and was injured, both physically and mentally, and has suffered before his death great physical and emotional pain and discomfort, and physical and emotional impairment and disability, all of which ultimately resulted in his death. Olin Bradley Kicklighter, Jr., deceased, prior to his death, experienced pain and suffering, and disability and disfigurement. Olin Bradley Kicklighter, Jr., deceased further incurred reasonable and necessary medical, funeral and burial expenses.

43.     This action is brought pursuant to the Illinois Survival Statute, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff Hope Kicklighter, Individually and as Next Best Friend of the Estate of Olin Bradley Kicklighter, Jr., deceased, by and through her attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, prays for judgment against Defendants Mr. Franklin and Ranchero, in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court and such additional amounts as the Court and Jury shall deem proper for compensatory damages, plus the costs of this lawsuit.

### COUNT IV – NEGLIGENCE WRONGFUL DEATH AS TO MR. FRANKLIN AND RANCHERO

44.    Now comes Plaintiff Hope Kicklighter Individually and as Next Best Friend of the Estate of Olin Bradley Kicklighter, Jr., deceased, by and through her attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, and complaining against Defendants Mr. Franklin and Ranchero states as follows:

45.    Plaintiff Hope Kicklighter Individually and as Next Best Friend of the Estate of Olin Bradley Kicklighter, Jr., deceased adopts and realleges paragraphs 14-20 of Count II, and incorporates them by reference fully set forth herein.

46.    That as a direct and proximate result thereof, Olin Bradley Kicklighter, Jr., deceased, sustained injuries to his person which ultimately resulted in his death on December 8, 2011.

47.    Olin Bradley Kicklighter, Jr., deceased, left surviving him the following heirs at law:  Hope Kicklighter, daughter; Annie Rose Kicklighter, daughter; Olin Bradley Kicklighter, III, son.

48.     That as a result of the negligent acts and/or omissions of Defendants Mr. Franklin and Ranchero, the aforesaid next of kin of Olin Bradley Kicklighter, Jr. have all sustained great loss of a personal and pecuniary nature, including the loss of society, companionship, love, and affection.

49.     This action is brought pursuant to Chapter 740, Illinois Compiled Statutes Annotated, '180/1, et seq., commonly referred to as the "Wrongful Death Act".

WHEREFORE, Plaintiff, Hope Kicklighter Individually and as Next Best Friend of the Estate of Olin Bradley Kicklighter, Jr., deceased, by and through her attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, prays for judgment against the Defendant, Defendants Mr. Franklin and Ranchero, in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court and such additional amounts as the Court and Jury shall deem proper for compensatory damages, plus the costs of this lawsuit.

## COUNT V– NEGLIGENCE SURVIVAL ACTION AS TO MR. FEENEY AND FEENEY XPRESS

50.     Now comes Plaintiff Annie Rose Kicklighter, by and through her attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, and complaining against Defendants Mr. Feeney and Feeney Xpress states as follows:

51.     In the operation of the tractor-trailer, Mr. Feeney was negligent in at least the following respects:

a)  Failing to keep a proper lookout;
b)  Failing to operate the tractor-trailer in a reasonable and prudent manner;
c)  Failing to maintain attention while operating the tractor-trailer;

d) Operating the tractor-trailer in a reckless manner;
e) Failing to control speed;
f) Failing to yield the right of way;
g) Failing to get adequate rest;
h) Operating a tractor-trailer while fatigued;
i) Failing to take proper evasive action to avoid striking Mr. Kicklighter;
j) Operating the tractor-trailer with faulty or malfunctioning equipment;
k) Operating a vehicle in violation of §395.3(a)(a)(2) of the Federal Motor Carrier Safety Regulations; and
l) Falsifying his logbooks in violation of §395.8(e) of the Federal Motor Carrier Safety Regulations.

52. Each of the above acts and/or omissions were breaches of a duty to act as a reasonably prudent driver under the same or similar circumstances, and each constitutes negligence and are a proximate cause of Plaintiffs' damages.

53. The tractor-trailer driver, Mr. Feeney, is alleged at material times hereto to have been an employee, agent, representative and/or servant of Feeney Xpress. Therefore, under doctrines of respondeat superior, agency, and vicarious liability, Feeney Xpress is responsible for the negligence of its driver Mr. Feeney. Alternatively, Feeney Xpress is responsible for the negligence of tractor-trailer driver Mr. Feeney pursuant to 49 C.F.R. 1057 and various other provisions of the Federal Motor Carrier Safety Act.

54. Defendant Feeney Xpress was negligent by and through the acts and omissions of its agents, servants, and employees in at least the following respects:

a) Failing to properly train its driver(s);
b) Failing to establish an adequate safety program to monitor its driver(s);
c) Failing to adequately supervise its driver(s);
d) Failing to properly qualify its driver(s);

e)     Failing to establish adequate policies and procedures to adequately enforce policies for its driver(s); and

f)     Violating the Federal Motor Carrier Safety Act and its regulations.

55.    Defendant Feeney Xpress was further negligent in the hiring, retention, supervision of driver Mr. Feeney, who was incompetent to operate a tractor-trailer. Defendant Feeney Xpress was further negligent in the entrustment of the subject tractor-trailer. Defendant Feeney Xpress had full and actual knowledge that Mr. Feeney was incompetent to operate a tractor-trailer, or through the operation of ordinary prudence would have discovered such incompetence.

56.    As a direct and proximate result of one or more of the above and foregoing willful and wanton acts and omissions of the Defendants Mr. Feeney and Feeney Xpress, as set forth herein, Olin Bradley Kicklighter, Jr., deceased, sustained injuries of a personal, pecuniary, and permanent nature and was injured, both physically and mentally, and has suffered before his death great physical and emotional pain and discomfort, and physical and emotional impairment and disability, all of which ultimately resulted in his death.  Olin Bradley Kicklighter, Jr., deceased, prior to his death, experienced pain and suffering, and disability and disfigurement.  Olin Bradley Kicklighter, Jr., deceased, further incurred reasonable and necessary medical, funeral and burial expenses.

57.    This action is brought pursuant to the Illinois Survival Statute, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff Annie Rose Kicklighter, by and through her attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, prays for

judgment against Defendants Mr. Feeney and Feeney Xpress, in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court and such additional amounts as the Court and Jury shall deem proper for compensatory damages, plus the costs of this lawsuit.

### COUNT VI – NEGLIGENCE WRONGFUL DEATH AS TO MR. FEENEY AND FEENEY XPRESS

58.     Now comes Plaintiff Annie Rose Kicklighter by and through her attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, and complaining against Defendants Mr. Feeney and Feeney Xpress states as follows:

59.     Plaintiff Annie Rose Kicklighter adopts and realleges paragraphs 14-20 and incorporates them by reference fully set forth herein.

60.     That as a direct and proximate result thereof, Olin Bradley Kicklighter, Jr., deceased, sustained injuries to his person which ultimately resulted in his death on December 8, 2011.

61.     Olin Bradley Kicklighter, Jr., deceased left surviving him the following heirs at law:  Hope Kicklighter, daughter; Annie Rose Kicklighter, daughter; Olin Bradley Kicklighter, III, son.

62.     That as a result of the negligent acts and/or omissions of Mr. Feeney and Feeney Xpress, the aforesaid next of kin of Olin Bradley Kicklighter, Jr. have all sustained great loss of a personal and pecuniary nature, including the loss of society, companionship, love and affection.

63.     This action is brought pursuant to Chapter 740, Illinois Compiled Statutes Annotated, '180/1, et seq., commonly referred to as the "Wrongful Death Act".

WHEREFORE, Plaintiff Annie Rose Kicklighter, by and through her attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, prays for judgment against Defendants Mr. Feeney and Feeney Xpress, in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court and such additional amounts as the Court and Jury shall deem proper for compensatory damages, plus the costs of this lawsuit.

## COUNT VII – NEGLIGENCE SURVIVAL ACTION AS TO
## MR. FRANKLIN AND RANCHERO

64.     Now comes Plaintiff Annie Rose Kicklighter, by and through her attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, and complaining against Defendants Mr. Franklin and Ranchero states as follows:

65.     In the operation of the tractor-trailer, Defendant Mr. Franklin and Ranchero was negligent in at least the following respects:

    a) Failing to keep a proper lookout;
    b) Failing to operate the tractor-trailer in a reasonable and prudent manner;
    c) Failing to maintain attention while operating the tractor-trailer;
    d) Operating the tractor-trailer in a reckless manner;
    e) Failing to control speed;
    f) Failing to yield the right of way; and
    g) Failing to take proper evasive action to avoid striking Mr. Kicklighter.

66.     Each of the above acts and/or omissions were breaches of a duty to act as a reasonably prudent driver under the same or similar circumstances, and each constitutes negligence and are a proximate cause of Plaintiffs damages.

67.     The tractor-trailer driver, Mr. Franklin, is alleged at material times hereto to have been an employee, agent, representative and/or servant of Ranchero. Therefore, under doctrines of respondeat superior, agency, and vicarious liability, Ranchero is responsible for the negligence of its driver Mr. Franklin. Alternatively, Ranchero is responsible for the negligence of tractor-trailer driver Mr. Franklin pursuant to 49 C.F.R. 1057 and various other provisions of the Federal Motor Carrier Safety Act.

68.     As a direct and proximate result of such acts and/or omissions constituting negligence, Mr. Kicklighter sustained injuries to his person, including but not limited to extreme pain and suffering, ultimately causing his death. Furthermore, As a direct and proximate result of such acts and/or omissions constituting negligence all other Plaintiffs have incurred mental anguish, loss of consortium in the past and will incur them in the future.

69.     Defendant Ranchero was negligent by and through the acts and omissions of its agents, servants, and employees in at least the following respects:

a)     Failing to properly train its driver(s);
b)     Failing to establish an adequate safety program to monitor its driver(s);
c)     Failing to adequately supervise its driver(s);
d)     Failing to properly qualify its driver(s);
e)     Failing to establish adequate policies and procedures to adequately enforce policies for its driver(s); and
f)     Violating the Federal Motor Carrier Safety Act and its regulations.

70.     Defendant Ranchero was further negligent in the hiring, retention, and supervision of driver Mr. Franklin, who was incompetent to operate a tractor-trailer. Defendant Ranchero was further negligent in the entrustment of the subject tractor-trailer. Defendant Ranchero had full and actual knowledge that Mr. Franklin was incompetent to operate a tractor-trailer, or through the operation of ordinary prudence would have discovered such incompetence.

71.     As a direct and proximate result of one or more of the above and foregoing willful and wanton acts and omissions of Defendants Mr. Franklin and Ranchero, as set forth herein, Olin Bradley Kicklighter, Jr., deceased, sustained injuries of a personal, pecuniary, and permanent nature and was injured, both physically and mentally, and has suffered before his death great physical and emotional pain and discomfort, and physical and emotional impairment and disability, all of which ultimately resulted in his death.  Olin Bradley Kicklighter, Jr., deceased, prior to his death, experienced pain and suffering, and disability and disfigurement.  Olin Bradley Kicklighter, Jr., deceased further incurred reasonable and necessary medical, funeral and burial expenses.

72.     This action is brought pursuant to the Illinois Survival Statute, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff Annie Rose Kicklighter, by and through her attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, prays for judgment against Defendants Mr. Franklin and Ranchero, in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court and such additional amounts as the

Court and Jury shall deem proper for compensatory damages, plus the costs of this lawsuit.

## COUNT VIII – NEGLIGENCE WRONGFUL DEATH AS TO
## MR. FRANKLIN AND RANCHERO

73.     Now comes Plaintiff Annie Rose Kicklighter, by and through her attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, and complaining against Defendants Mr. Franklin and Ranchero states as follows:

74.     Plaintiff Annie Rose Kicklighter adopts and realleges paragraphs 14-20 of Count II, and incorporates them by reference fully set forth herein.

75.     That as a direct and proximate result thereof, Olin Bradley Kicklighter, Jr., deceased, sustained injuries to his person which ultimately resulted in his death on December 8, 2011.

76.     Olin Bradley Kicklighter, Jr., deceased, left surviving him the following heirs at law:   Hope Kicklighter, daughter; Annie Rose Kicklighter; daughter, Olin Bradley Kicklighter, III, son.

77.     That as a result of the negligent acts and/or omissions of Defendants Mr. Franklin and Ranchero, the aforesaid next of kin of Olin Bradley Kicklighter, Jr. have all sustained great loss of a personal and pecuniary nature, including the loss of society, companionship, love and affection.

78.     This action is brought pursuant to Chapter 740, Illinois Compiled Statutes Annotated, '180/1, et seq., commonly referred to as the "Wrongful Death Act".

WHEREFORE, Plaintiff Annie Rose Kicklighter, by and through her attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, prays for judgment against Defendants Mr. Franklin and Ranchero, in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court and such additional amounts as the Court and Jury shall deem proper for compensatory damages, plus the costs of this lawsuit.

## COUNT IX– NEGLIGENCE SURVIVAL ACTION AS TO MR. FEENEY AND FEENEY XPRESS

79.    Now comes Plaintiff Olin Bradley Kicklighter, III, deceased by and through his attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, and complaining against Defendants Mr. Feeney and Feeney Xpress states as follows:

80.    In the operation of the tractor-trailer, Mr. Feeney was negligent in at least the following respects:

a) Failing to keep a proper lookout;
b) Failing to operate the tractor-trailer in a reasonable and prudent manner;
c) Failing to maintain attention while operating the tractor-trailer;
d) Operating the tractor-trailer in a reckless manner;
e) Failing to control speed;
f) Failing to yield the right of way;
g) Failing to get adequate rest;
h) Operating a tractor-trailer while fatigued;
i) Failing to take proper evasive action to avoid striking Mr. Kicklighter;
j) Operating the tractor-trailer with faulty or malfunctioning equipment;
k) Operating a vehicle in violation of §395.3(a)(a)(2) of the Federal Motor Carrier Safety Regulations; and

l) Falsifying his logbooks in violation of §395.8(e) of the Federal Motor Carrier Safety Regulations.

81. Each of the above acts and/or omissions were breaches of a duty to act as a reasonably prudent driver under the same or similar circumstances, and each constitutes negligence and are a proximate cause of Plaintiffs' damages.

82. The tractor-trailer driver, Mr. Feeney, is alleged at material times hereto to have been an employee, agent, representative and/or servant of Feeney Xpress. Therefore, under doctrines of respondeat superior, agency, and vicarious liability, Feeney Xpress is responsible for the negligence of its driver Mr. Feeney. Alternatively, Feeney Xpress is responsible for the negligence of tractor-trailer driver Mr. Feeney pursuant to 49 C.F.R. 1057 and various other provisions of the Federal Motor Carrier Safety Act.

83. Defendant Feeney Xpress was negligent by and through the acts and omissions of its agents, servants, and employees in at least the following respects:

a) Failing to properly train its driver(s);
b) Failing to establish an adequate safety program to monitor its driver(s);
c) Failing to adequately supervise its driver(s);
d) Failing to properly qualify its driver(s);
e) Failing to establish adequate policies and procedures to adequately enforce policies for its driver(s); and
f) Violating the Federal Motor Carrier Safety Act and its regulations.

84. Defendant Mr. Feeney Xpress was further negligent in the hiring, retention, and supervision of driver Mr. Feeney, who was incompetent to operate a tractor-trailer. Defendant Feeney Xpress was further negligent in the entrustment of the subject tractor-trailer. Defendant Feeney Xpress had full and actual knowledge that

Mr. Feeney was incompetent to operate a tractor-trailer, or through the operation of ordinary prudence would have discovered such incompetence.

85.     As a direct and proximate result of one or more of the above and foregoing willful and wanton acts and omissions of Defendants Mr. Feeney and Feeney Xpress, as set forth herein, Olin Bradley Kicklighter, Jr., deceased, sustained injuries of a personal, pecuniary, and permanent nature and was injured, both physically and mentally, and has suffered before his death great physical and emotional pain and discomfort, and physical and emotional impairment and disability, all of which ultimately resulted in his death. Olin Bradley Kicklighter, Jr., deceased, prior to his death, experienced pain and suffering, and disability and disfigurement. Olin Bradley Kicklighter, Jr., deceased further incurred reasonable and necessary medical, funeral and burial expenses.

86.     This action is brought pursuant to the Illinois Survival Statute, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, Olin Bradley Kicklighter, III, by and through his attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, prays for judgment against Defendants Mr. Feeney and Feeney Xpress, in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court and such additional amounts as the Court and Jury shall deem proper for compensatory damages, plus the costs of this lawsuit.

## COUNT X – NEGLIGENCE WRONGFUL DEATH AS TO MR. FEENEY AND FEENEY XPRESS

87.     Now comes Plaintiff Olin Bradley Kicklighter, III, by and through his attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, and complaining against Defendants Mr. Feeney and Feeney Xpress states as follows:

88.     Plaintiff Olin Bradley Kicklighter, III, adopts and realleges paragraphs 14-20 and incorporates them by reference fully set forth herein.

89.     That as a direct and proximate result thereof, Olin Bradley Kicklighter, Jr., deceased, sustained injuries to his person which ultimately resulted in his death on December 8, 2011.

90.     Olin Bradley Kicklighter, Jr., deceased, left surviving him the following heirs at law:   Hope Kicklighter, daughter; Annie Rose Kicklighter, daughter; Olin Bradley Kicklighter, III, son.

91.     That as a result of the negligent acts and/or omissions of Mr. Feeney and Feeney Xpress, the aforesaid next of kin of Olin Bradley Kicklighter, Jr. have all sustained great loss of a personal and pecuniary nature, including the loss of society, companionship, love and affection.

92.     This action is brought pursuant to Chapter 740, Illinois Compiled Statutes Annotated, '180/1, et seq., commonly referred to as the "Wrongful Death Act".

WHEREFORE, Plaintiff, Olin Bradley Kicklighter, III, by and through his attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, prays for judgment against the Defendant, Defendants Mr. Feeney and Feeney Xpress, in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court and

such additional amounts as the Court and Jury shall deem proper for compensatory damages, plus the costs of this lawsuit.

## COUNT XI – NEGLIGENCE SURVIVAL ACTION AS TO FRANKLIN AND RANCHERO

93.     Now comes Plaintiff Olin Bradley Kicklighter, III, by and through his attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, and complaining against Defendants Mr. Franklin and Ranchero states as follows:

94.     In the operation of the tractor-trailer, Defendant Mr. Franklin and Ranchero was negligent in at least the following respects:

   a) Failing to keep a proper lookout;
   b) Failing to operate the tractor-trailer in a reasonable and prudent manner;
   c) Failing to maintain attention while operating the tractor-trailer;
   d) Operating the tractor-trailer in a reckless manner;
   e) Failing to control speed;
   f) Failing to yield the right of way; and
   g) Failing to take proper evasive action to avoid striking Mr. Kicklighter.

95.     Each of the above acts and/or omissions were breaches of a duty to act as a reasonably prudent driver under the same or similar circumstances, and each constitutes negligence and are a proximate cause of Plaintiffs damages.

96.     The tractor-trailer driver, Mr. Franklin, is alleged at material times hereto to have been an employee, agent, representative and/or servant of Ranchero. Therefore, under doctrines of respondeat superior, agency, and vicarious liability, Ranchero is responsible for the negligence of its driver Mr. Franklin.  Alternatively, Ranchero is responsible for the negligence of tractor-trailer driver Mr. Franklin

pursuant to 49 C.F.R. 1057 and various other provisions of the Federal Motor Carrier Safety Act.

97.     As a direct and proximate result of such acts and/or omissions constituting negligence, Mr. Kicklighter sustained injuries to his person, including but not limited to extreme pain and suffering, ultimately causing his death.  Furthermore, as a direct and proximate result of such acts and/or omissions constituting negligence all other Plaintiffs have incurred mental anguish, loss of consortium in the past and will incur them in the future.

98.     Defendant Ranchero was negligent by and through the acts and omissions of its agents, servants, and employees in at least the following respects:

- a)     Failing to properly train its driver(s);
- b)     Failing to establish an adequate safety program to monitor its driver(s);
- c)     Failing to adequately supervise its driver(s);
- d)     Failing to properly qualify its driver(s);
- e)     Failing to establish adequate policies and procedures to adequately enforce policies for its driver(s); and
- f)     Violating the Federal Motor Carrier Safety Act and its regulations.

99.      Defendant Ranchero was further negligent in the hiring, retention, and supervision of driver Mr. Franklin, who was incompetent to operate a tractor-trailer. Defendant Ranchero was further negligent in the entrustment of the subject tractor-trailer.   Defendant Ranchero had full and actual knowledge that Mr. Franklin was incompetent to operate a tractor-trailer, or through the operation of ordinary prudence would have discovered such incompetence.

100.    As a direct and proximate result of one or more of the above and foregoing willful and wanton acts and omissions of Defendants Mr. Franklin and Ranchero, as set forth herein, Olin Bradley Kicklighter, Jr., deceased, sustained injuries of a personal, pecuniary, and permanent nature and was injured, both physically and mentally, and has suffered before his death great physical and emotional pain and discomfort, and physical and emotional impairment and disability, all of which ultimately resulted in his death. Olin Bradley Kicklighter, Jr., deceased, prior to his death, experienced pain and suffering, and disability and disfigurement. Olin Bradley Kicklighter, Jr., deceased further incurred reasonable and necessary medical, funeral and burial expenses.

101.    This action is brought pursuant to the Illinois Survival Statute, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, Olin Bradley Kicklighter, III, by and through his attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, prays for judgment against Defendants Mr. Franklin and Ranchero, in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court and such additional amounts as the Court and Jury shall deem proper for compensatory damages, plus the costs of this lawsuit.

## COUNT XII – NEGLIGENCE WRONGFUL DEATH AS TO MR. FRANKLIN AND RANCHERO

102.    Now comes Plaintiff Olin Bradley Kicklighter, III, by and through his attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, and complaining against Defendants Mr. Franklin and Ranchero states as follows:

103.    Plaintiff Olin Bradley Kicklighter, III, adopts and realleges paragraphs 14-20 of Count II, and incorporates them by reference fully set forth herein.

104.    That as a direct and proximate result thereof, Olin Bradley Kicklighter, Jr., deceased, sustained injuries to his person which ultimately resulted in his death on December 8, 2011.

105.    Olin Bradley Kicklighter, Jr., deceased, left surviving him the following heirs at law:  Hope Kicklighter, daughter; Annie Rose Kicklighter, daughter; Olin Bradley Kicklighter, III, son.

106.    That as a result of the negligent acts and/or omissions of Defendants Mr. Franklin and Ranchero, the aforesaid next of kin of Olin Bradley Kicklighter, Jr. have all sustained great loss of a personal and pecuniary nature, including the loss of society, companionship, love and affection.

107.    This action is brought pursuant to Chapter 740, Illinois Compiled Statutes Annotated, '180/1, et seq., commonly referred to as the "Wrongful Death Act".

WHEREFORE, Plaintiff, Olin Bradley Kicklighter, III, by and through his attorneys of record, Bellas & Wachowski and Sico, White, Hoelscher, Harris & Braugh, prays for judgment against the Defendant, Defendants Mr. Franklin and Ranchero, in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court and such

additional amounts as the Court and Jury shall deem proper for compensatory damages, plus the costs of this lawsuit.

## JURY DEMAND

108.  Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs request a jury trial.


Date: May 16th, 2013.

Respectfully submitted,

**BELLAS & WACHOWSKI**

BY: _____/s/_____

George Bellas *George@bellas-wachowski.com*
William P. Boznos *Bill@bellas-wachowski.com*
Misty Cygan *Misty@bellas-wachowski.com*
15 North Northwest Highway
Park Ridge, Illinois 60068
Ph: (847) 823-9030
Fx: (847) 823-9393


**SICO, WHITE, HOELSCHER,
HARRIS & BRAUGH, LLP**

BY: _____/s/_____

James H. Hada *jhada@hadalawfirm.com*
Matthew Finkelstein *mfinkelstein@swhhb.com*
Three Riverway, Ste. 1910
Houston, TX  77056
Ph: (713) 465-9944
Fx: (877) 621-5576


**ATTORNEYS FOR PLAINTIFFS, HOPE K.
WILLIAMS, ANNIE GIBBS, OLIN B.
KICKLIGHTER, III AND THE ESTATE OF
OLIN B. KICKLIGHTER, JR.**