UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| HOPE K. WILLIAMS, *individually and as independent administrator of Olin B. Kicklighter, Jr.*, OLIN B. KICKLIGHTER, and ANNIE GIBBS, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 13-cv-1224 |
| MARTIN FEENEY, FEENEY XPRESS TRANSPORT, BARY FRANKLIN, and RANCHERO, LLC, | )<br>)<br>)<br>) |
| Defendants. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Motions to Dismiss for Lack of Personal Jurisdiction by Defendants Bary Franklin and Ranchero, LLC (Docs. 6 & 7), and a Motion to Transfer Case by Defendants Martin Feeney and Feeney Xpress Transport, Inc. (Doc. 10). Plaintiffs have filed responses in opposition to each of these Motions. For the reasons stated below, Defendant Feeney's Motion to Transfer is granted, and the Motions to Dismiss for Lack of Personal Jurisdiction by Defendants Franklin and Ranchero are denied as moot.

This diversity action arises out of an automobile accident in Nebraska, which killed Plaintiffs' decedent, and was allegedly caused by the negligence of one or more of the Defendants or their employees. (Doc. 5). According to the Second Amended Complaint, Plaintiffs and their decedent are citizens of Georgia and/or

California,[1] Defendants Feeney and Feeney Xpress Transport appear to be citizens of Illinois, and Defendants Franklin and Ranchero appear to be citizens of Missouri. Plaintiffs' claims are based on Illinois' Survival Statute and Wrongful Death Act.

Civil actions may be brought in a federal district court in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under 28 U.S.C.A. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (emphasis added).

As Defendants Feeney and Feeney Xpress Transport, Inc. point out, § 1391(b) does not provide for venue in the Central District of Illinois, or in any Illinois federal district court.[2] Though Plaintiffs' Second Amended Complaint relies on §

---

[1]   Plaintiffs' decedent was in the process of moving from California to Georgia at the time of his death. (Doc. 5 at 2).

[2]   Defendants Feeney and Feeney Xpress Transport cited to 28 U.S.C. § 1404, which governs discretionary transfers of venue where the plaintiff's choice of venue is not erroneous under § 1391, as support for their Motion to Transfer, and Plaintiffs' Response focused on that section's consideration of the convenience of the parties and the interests of justice; neither party cited § 1406. (Doc. 10 at 2-3). Because of the mandatory language of § 1406, the Court finds that Defendants' argument that venue is improper under § 1391 is sufficient to avoid waiver of the venue question. *See also United Financial Mortg. Corp. v. Bayshores Funding Corp.*, 245 F.Supp.2d 884, 896 (N.D. Ill. 2002) (citing *Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 208 F.Supp.2d 918, 928 (N.D. Ill. 2002)) ("It is appropriate for this Court to consider a transfer under this section *sua sponte*.").

1391(b)(1) for its assertion of the Central District of Illinois as the proper venue for this suit, the first subsection only applies if all of the defendants are residents of the forum state, which is not the case here: though Defendants Feeney and Feeney Xpress Transport are from Illinois, Defendants Franklin and Ranchero are from Missouri. The Second Amended Complaint reveals that the accident at issue in this case took place in Nebraska, so § 1391(b)(2) indicates that only Nebraska is the proper venue under that subsection. (Doc. 5 at 6-7). It does not appear, and Plaintiffs do not argue, that Nebraska is somehow unavailable as a forum for this litigation, so § 1391(b)(3) does not render Illinois a suitable forum.[3] Plaintiffs' Response to the Motion to Transfer fails to put forth any argument that the Central District of Illinois is the proper venue under § 1391(b), arguing only that it is just as convenient as any other forum and that Plaintiffs' initial choice of forum should be given deference. (Doc. 12).

Because § 1406 provides that in the event a plaintiff choose an improper venue the court shall dismiss or transfer the action, it is plain that this Court cannot preside over this case; no consideration of the convenience of the parties or Court is necessary. Defendant Feeney moves for transfer to the United States District Court for the District of Nebraska, rather than dismissal, and this appears to be in the interest of justice.[4] Because the Court has determined that it is

---

[3] It appears that a federal district court in Nebraska could exercise specific personal jurisdiction over Defendants Franklin and Ranchero, as this suit arises from injuries allegedly caused by Defendants' acts in Nebraska. NEB.REV.ST. § 25-536(1)(c).

[4] The Court need not ascertain whether it has personal jurisdiction over Defendants Franklin and Ranchero in order to transfer under § 1406. *See*

appropriate to transfer this action to the District of Nebraska, Defendant Franklin's and Defendant Ranchero's Motions to Dismiss for Lack of Personal Jurisdiction are denied as moot.

IT IS THEREFORE ORDERED that the Motions to Dismiss for Lack of Personal Jurisdiction by Defendants Franklin and Ranchero (Docs. 6 & 7) are DENIED AS MOOT, and the Motion to Transfer Case by Defendant Martin Feeney (Doc. 10) is GRANTED. This matter is TRANSFERRED to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1406(a).

Entered this 12th day of September, 2013.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

*Greenberg*, 208 F.Supp.2d at 928 (§ 1406(a) permits a court to transfer an action regardless of whether it has personal jurisdiction over defendants).