IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HOPE KICKLIGHTER WILLIAMS, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF HER FATHER, OLIN B. KICKLIGHTER, JR., | § § § § § | |
| *Plaintiff,* | § § | |
| V. | § § | C.A. No. 8:13-CV-00287-LES-FG3 |
| FEENEY XPRESS TRANSPORT, INC.; MARTIN FEENEY; RANCHERO LLC; and BARY FRANKLIN, | § § § § | |
| *Defendants.* | § | JURY DEMANDED |

## PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain materials to be produced by Defendants FEENEY XPRESS TRANSPORT, INC.; MARTIN FEENEY; RANCHERO LLC; and/or BARY FRANKLIN (together, "Defendants") in this action,

IT IS ORDERED THAT:

1.  Documents, electronically stored information (including writings, drawings, charts, photographs, sound recordings, video recordings, images, and other data or data compilations), and other tangible items produced in discovery in this litigation that contain confidential information shall hereafter be referred to as "Protected Materials." The Party seeking to mark Protected Materials shall hereafter be referred to as the "Designating Party."   Except as otherwise indicated below, documents, electronically stored information, and other tangible items produced in discovery, designated "Subject to Protective Order" that are produced or delivered to the Parties and/or the Parties' attorneys, consultants, agents, or experts in this action, shall be Protected Materials and given confidential treatment as described below.

2.   For purposes of this Protective Order, Protected Materials includes any document, electronically stored information, and other tangible items produced in discovery that the Designating Party believes in good faith to contain confidential or sensitive information as defined by Federal Rule of Civil Procedure Rule 26(c)(1)(G), including trade secrets, development, or commercial information; or personal information that is protected by law.   Confidential material shall not contain or consist of any information generally available to the public.

3.  For documents, electronically stored information, other tangible items produced in discovery, at the time of production, the Designating Party will designate each individual document by clearly stamping on each such document, "Subject to Protective Order."  In the event that the produced document itself is produced in a format that is not capable of being stamped, the material should be clearly marked or identified "Subject to Protective Order" on the media itself or within the file structure of electronically stored information.

4.   Prior to designating any material as subject to this Protective Order, the Designating Party must make a good faith determination that the material is subject to protection under Federal Rule of Civil Procedure 26(c)(1).  If any Party disagrees with the designation of any material as being subject to this Protective Order, that Party will so notify the Designating Party in writing.  The Designating Party will, within fourteen (14) days of receipt of such notice, apply to the Court to determine whether the disputed materials are entitled to protection in accordance with the Federal Rules of Civil Procedure.   Until the Court rules on the application, the Parties shall consider any disputed materials subject to this Protective Order.

5.   Both the Protected Materials and the information contained therein shall be treated as confidential.  Except upon the prior written consent of the Designating Party or

upon further Order of this Court, the Protected Materials or information contained therein may be shown, disseminated, or disclosed only to the following persons:

(a)      The Parties to this action;

(b)      Counsel of record in this case, including other members of Counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

(c)      Employees of Counsel of record or of associated counsel who assist in the preparation or trial of this case;

(d)      Experts and consultants retained by a Party or a Party's Counsel for the preparation or trial of this case provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of the Designating Party;

(e)      The Court, the Court's staff, witnesses, and the jury in this case;

(f)      Other courts and other courts' staffs with the provision that the material may only be submitted for *in camera* inspection unless otherwise agreed to in writing by the Designating Party;

(g)      Attorneys representing a plaintiff, and the experts and consultants retained by a plaintiff, in other cases against one or more Defendant(s) involving claims for personal injuries; and

(h)      A third party who is employed by a Party or a Party's Counsel to copy or manage discovery materials in support of this litigation, but who is not the competitor of any Party.

6.   Before giving access to any of the Protected Materials or the information contained therein, each person described in paragraphs 5(d), 5(g), and 5(h) above shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree in writing, by signing a copy of this Protective Order, to be bound by its terms and to submit to the jurisdiction of this Court.

---

7.  To the extent that Protected Materials or information contained therein is used in the taking of depositions, such Protected Materials or information shall remain subject to the provisions of this Protective Order.

8.  This Protective Order shall not apply to the disclosure of Protected Materials or the information contained therein at the time of trial, through the receipt of Protected Materials into evidence or through the testimony of witnesses.  The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court.  These issues may be taken up as a separate matter upon the application of any of the Parties.

9.  Documents, electronically stored information, and other tangible items produced in discovery that would otherwise qualify as Protected Materials under this Protective Order, but which is unintentionally produced without being designated as subject to this Protective Order may later be designated as Protected Materials upon written notice by the Designating Party.  After such written notice, the designated materials shall be treated as Protected Materials and subject to the provisions of this Protective Order.

10.  Protected Materials produced pursuant to this Protective Order are deemed authentic under the Federal Rules of Evidence, and no further proof of authentication as to such Protected Materials shall be required.

11.  This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

If any of the foregoing violates the Federal Rules of Civil Procedure, the Federal Rules of Civil Procedure control and such provision will not be enforced.

Signed this 26th day of December, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____

LYLE E. STROM, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HOPE KICKLIGHTER WILLIAMS, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF HER FATHER, OLIN B. KICKLIGHTER, JR., | § § § § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | C.A. No. 8:13-CV-00287-LES-FG3 |
| | § | |
| FEENEY XPRESS TRANSPORT, INC.; MARTIN FEENEY; RANCHERO LLC; and BARY FRANKLIN, | § § § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

## PROTECTIVE ORDER

EXHIBIT "A"

I, _____, do hereby acknowledge that I have received and read a copy of the attached Protective Order, and I agree to be bound by the terms of such Order.  I further agree to be subject to the jurisdiction of this Court including, but not limited to, its contempt powers.

DATED this _____ day of _____, 2013.


_____
(Signature)

Relationship to litigation for which Protected Materials requested:

_____

Style of litigation for which Protected Materials requested:

_____

_____