IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HOPE K. WILLIAMS as ) | | |
| Independent Administrator of ) | | |
| the Estate of her Father, ) | | |
| OLIN B. KICKLIGHTER, JR., ) | | |
| ) | | |
| Plaintiff, ) | 8:13CV287 | |
| ) | | |
| v. ) | | |
| ) | | |
| MARTIN FEENEY, Individually ) | MEMORANDUM AND ORDER | |
| and FEENEY XPRESS TRANSPORT; ) | | |
| BARY FRANKLIN, individually, ) | | |
| and RANCHERO, LLC, ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

This matter is before the Court on two motions: a motion from the plaintiff seeking to compel discovery from defendant Ranchero (Filing No. 59) and a motion from defendants Feeney and Feeney Xpress Transport seeking a protective order (Filing No. 62) from producing certain communications. After reviewing the motions, briefs, and indices of evidence, the Court will deny Filing No. 59 and will grant Filing No. 62.

I.  BACKGROUND

This case centers around a fatal car accident. The plaintiff is Hope Williams ("Williams"), the administrator of the estate of her father, Olin B. Kicklighter, Jr. ("Kicklighter"). On December 8, 2001, Kicklighter was traveling eastbound through Nebraska on Interstate 80 on his way to Georgia (Filing No. 43,

¶ 3.1).  The roads were icy due to a recent storm.  One of the defendants, Martin Feeney ("Feeney") of Feeney Xpress Transport, Inc., was driving his truck behind Kicklighter.  Feeney struck Kicklighter's car from behind.  The collision caused Kicklighter to lose control of his car.  A second truck driver, Bary Franklin ("Franklin") of Ranchero L.L.C., also driving eastbound on Interstate 80, then struck the driver's side of Kicklighter's car.  Kicklighter died as a result of one or both of these collisions.  Williams brings the following actions on behalf of her father's estate:  negligence, negligence per se, and gross negligence.

  The day after the accident, Feeney provided a verbal record to a representative of Great West Casualty Company ("GWC"), Ranchero's insurance carrier, regarding the accident (Filing No. 63, ¶ 2).  The representative of GWC was Jeff White ("White") who took Feeney's statement on behalf of defendant Ranchero.  According to Feeney, White did not disclose his association with Ranchero, Feeney believed his statement was being taken for rendering legal services, and Feeney believed his statement would aid him in defending any impending lawsuit.

  Williams requested that Ranchero produce Mr. Feeney's statement (Filing No. 60 and Filing No. 63).  Ranchero claimed the document was privileged under the work product doctrine and

the attorney-client privilege. Williams denies that the statement was work product and argues in the alternative that she needs the statement and cannot obtain the substantial equivalent (Filing No. 63).

II. WORK PRODUCT DOCTRINE

The Work Product Doctrine is a Federal Rule of Civil Procedure. Fed. R. Civ. P. 26(b)(3)(A). The burden to establish the Work Product privilege is on the party who asserts it. *See Thiele Dairy, L.L.C. v. Earthsoils, Inc.*, 4:8CV3015, 2008 WL 1995306, at * 1 (D. Neb. 2008) (citations omitted). Under this rule, federal courts make a factual determination whether "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987) (citing 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2024, at 198-99 (1970)). In light of the facts in this case, and the timing of the investigation, the Court finds that the statement of Feeney was taken in anticipation of litigation and constitutes work product. *See Almaguer v. Chicago, Rock Island & Pac. R.R. Co.,* 55 F.R.D. 147, 149 (D. Neb. 1972).

III. SUBSTANTIAL NEED

An exception to the Work Product Doctrine states such protected documents remain discoverable if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R. Civ. P. 26(b)(3)(A)(ii).  At this time, the Court finds that the mere possibility that Feeney's memory has dulled is insufficient to constitute a substantial need.  Williams has not yet deposed Feeney to determine if his memory has deteriorated.  Deposing Feeney is not an undue hardship and may lead to the substantial equivalent to the work product in question.  Therefore,

IT IS ORDERED:

1) Filing No. 59 is denied without prejudice.

2) Filing No. 62 is granted.  The statement of Feeney and the notes of Jeff White need not be furnished to plaintiff.

DATED this 17th day of April, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court